**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELEANOR SOTO, ) | Case No.: 11-CV-03907-LHK |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER GRANTING MOTION TO |
| FIRST STUDENT, INC., ) | DISMISS |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| _____ ) | |

Before the Court is Defendant, First Student's, motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Notice of Removal Ex. C, ECF No. 1. The Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7–1(b) and VACATES the hearing and case management conference currently set for April 25, 2012. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to dismiss.

A defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1

Case No.: 11-CV-03907-LHK
ORDER GRANTING MOTION TO DISMISS

1937, 1949 (2009) (internal citations omitted). Pro se pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In this case, Plaintiff's complaint is a California state court form judicial complaint. Indeed, it is not clear what claims Plaintiff brings, or what the factual basis of these claims might be. Plaintiff's complaint does not meet the factual plausibility standard because there simply are no facts upon which Plaintiff states a claim for relief. Accordingly, Defendant's motion to dismiss is GRANTED.

Even though Defendant's motion to dismiss has been granted, the Court must still determine whether leave to amend should be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

On the one hand, at the initial case management conference, Plaintiff was referred to the Federal Legal Assistance Self Help Program to assist her in drafting an amended complaint. At the same time, the Court set a deadline of February 15, 2012, by which Plaintiff was to file an amended complaint. *See* Case Management Order, ECF No. 13. Plaintiff has not filed an amended complaint, despite the deadline set by the Court. On the other hand, Rule 15 establishes a liberal policy of allowing amendments unless the pleading cannot possibly be cured by amendments. Moreover, the Court has a duty to protect the rights of pro se litigants. Given the liberal policy of allowing amendments, particularly for pro se litigants, Plaintiff will be given one last chance to amend her complaint.

2
Case No.: 11-CV-03907-LHK
ORDER GRANTING MOTION TO DISMISS

However, if Plaintiff wishes to amend her complaint, she must file her amended complaint **within 14 days of the date of this Order**. Plaintiff is on notice that failure to file an amended complaint by the deadline will result in dismissal of her case in its entirety.

**IT IS SO ORDERED.**

Dated: April 23, 2012

_____
LUCY H. KOH
United States District Judge